Michael Zoldan; AZ Bar No. 028128
Jessica Miller; AZ Bar No. 031005
**ZOLDAN LAW GROUP, PLLC**
8100 E. Indian School Road
Suite 103
Scottsdale, AZ 85251
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jmiller@zoldangroup.com

Attorneys for Evan Bush
and Joseph Trotter

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Evan Bush**, an Arizona resident; **Joseph Trotter**, an Arizona resident; | Case No. |
| Plaintiffs, | |
| v. | **VERIFIED COMPLAINT** |
| **America's Best Tire, LLC,** an Arizona limited liability company; **Camelback Automotive Repair, LCC,** an Arizona limited liability company; **America's Best Tire Grand, LLC,** an Arizona limited liability company; **America's Best Tire Glendale, LLC,** an Arizona limited liability company; **America's Best Tire 203, LLC,** an Arizona limited liability company; **America's Best Tire 101, LLC,** an Arizona limited liability company; **America's Best Employment Services, LLC,** an Arizona limited liability company; **America's Best Wholesale Tire, LLC,** an Arizona limited liability company; **America's Best Tire Mesa, LLC,** an Arizona limited liability company; **America's Best Transportation Services, LLC,** an Arizona limited liability company; **America's Best Tire Peoria, LLC,** an Arizona limited liability company; | **(Jury Trial Requested)** |

ZOLDAN LAW GROUP, PLLC
8100 E. Indian School Rd. Suite 103 Scottsdale, Arizona 85251
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

ZOLDAN LAW GROUP, PLLC

8100 E. Indian School Rd. Suite 103 Scottsdale, Arizona 85251
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

1
2
3
4
5
6
7
8
9

**America's Best Tire Buckeye, LLC,** an Arizona limited liability company; **America's Best Tire Van Buren, LLC,** an Arizona limited liability company; **America's Best Wholesale Tire Tucson, LLC,** an Arizona limited liability company; **America's Best Tire Wholesale Tire LV, LLC,** an Arizona limited liability company; **Travis M. Dees and Jane Doe Dees,** husband and wife, Arizona residents,

Defendants.

Plaintiffs Evan Bush and Joseph Trotter, for their Verified Complaint against Defendants, hereby alleges as follows:

## NATURE OF THE CASE

1.      Plaintiffs brings this action against America's Best Tire[1] for its unlawful failure to pay overtime and minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**") and failure to make timely payment of wages under the Arizona Wage Statute, A.R.S. §§ 23-351, 23-353, and 23-355 ("**Arizona Wage Statute**").

2.      This action is also brought to recover unpaid overtime wage compensation, liquidated damages and statutory penalties resulting from Defendants' violations of the FLSA.

3.      This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendants' violations of the Arizona Wage Statute.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter and the parties hereto

---

[1]      For simplicity purposes, all Defendants to this action shall be collectively referred to as either "America's Best Tire" or "Defendants" unless specified otherwise.

pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.     Plaintiffs' state law claim is sufficiently related to the FLSA claim that it forms part of the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiffs' claims under the Arizona wage laws pursuant to 28 U.S.C. § 1367.

6.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the state of Arizona within this District.  Plaintiffs were employed by America's Best Tire in this District.

## PARTIES

7.     At all relevant times to the matters alleged herein, Plaintiffs Evan Bush and Joseph Trotter resided in the State of Arizona in Maricopa County.

8.     Plaintiff Bush was a full-time, non-exempt employee of America's Best Tire from on or around July of 2012 until on or around June 5, 2015.

9.     Plaintiff Bush was employed to perform various tasks during his tenure at America's Best Tire, such as cashiering, installing tires on cars, washing and painting tires, stacking tires in the yard, organizing tires, cleaning the shop, doing yard work, and generally helping customers.

10.     At all relevant times, Plaintiff Bush was an employee of America's Best Tire as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 C.R.F. § 213(a)(1).

11.     Plaintiff Joseph Trotter was a full-time, non-exempt employee of America's Best Tire from on or around May 2014 until on or around June 5, 2015.

ZOLDAN LAW GROUP, PLLC
8100 E. Indian School Rd. Suite 103 Scottsdale, Arizona 85251
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

ZOLDAN LAW GROUP, PLLC
8100 E. Indian School Rd. Suite 103 Scottsdale, Arizona 85251
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

12.     Plaintiff Joseph Trotter was employed to perform various tasks during his tenure at America's Best Tire, such as cashiering, installing tires on cars, washing and painting tires, stacking tires in the yard, organizing tires, cleaning the shop, doing yard work, and generally helping customers.

13.     At all relevant times, Plaintiff Joseph Trotter was an employee of America's Best Tire as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 C.R.F. § 213(a)(1).

14.     Defendant America's Best Tire, LLC is an Arizona limited liability company, authorized to do business in Arizona, and was at all relevant times Plaintiffs' employer as defined by 29 U.S.C. § 203(d) and  A.R.S. § 23-350.

15.     Defendant Camelback Automotive Repair, LCC is an Arizona limited liability company, authorized to do business in Arizona, and was at all relevant times Plaintiffs' employer as defined by 29 U.S.C. § 203(d) and  A.R.S. § 23-350.

16.     Defendant America's Best Tire Grand, LLC is an Arizona limited liability company, authorized to do business in Arizona, and was at all relevant times Plaintiffs' employer as defined by 29 U.S.C. § 203(d) and  A.R.S. § 23-350.

17.     Defendant America's Best Tire Glendale, LLC is an Arizona limited liability company, authorized to do business in Arizona, and was at all relevant times Plaintiffs' employer as defined by 29 U.S.C. § 203(d) and  A.R.S. § 23-350.

18.     Defendant America's Best Tire 203, LLC is an Arizona limited liability company, authorized to do business in Arizona, and was at all relevant times Plaintiffs' employer as defined by 29 U.S.C. § 203(d) and  A.R.S. § 23-350.

19.     Defendant America's Best Tire 101, LLC is an Arizona limited liability

company, authorized to do business in Arizona, and was at all relevant times Plaintiffs' employer as defined by 29 U.S.C. § 203(d) and A.R.S. § 23-350.

20.     Defendant America's Best Employment Services, LLC is an Arizona limited liability company, authorized to do business in Arizona, and was at all relevant times Plaintiffs' employer as defined by 29 U.S.C. § 203(d) and A.R.S. § 23-350.

21.     Defendant America's Best Wholesale Tire, LLC is an Arizona limited liability company, authorized to do business in Arizona, and was at all relevant times Plaintiffs' employer as defined by 29 U.S.C. § 203(d) and A.R.S. § 23-350.

22.     Defendant America's Best Tire Mesa, LLC is an Arizona limited liability company, authorized to do business in Arizona, and was at all relevant times Plaintiffs' employer as defined by 29 U.S.C. § 203(d) and A.R.S. § 23-350.

23.     Defendant America's Best Transportation Services, LLC is an Arizona limited liability company, authorized to do business in Arizona, and was at all relevant times Plaintiffs' employer as defined by 29 U.S.C. § 203(d) and A.R.S. § 23-350.

24.     Defendant America's Best Tire Peoria, LLC is an Arizona limited liability company, authorized to do business in Arizona, and was at all relevant times Plaintiffs' employer as defined by 29 U.S.C. § 203(d) and A.R.S. § 23-350.

25.     Defendant America's Best Tire Buckeye, LLC is an Arizona limited liability company, authorized to do business in Arizona, and was at all relevant times Plaintiffs' employer as defined by 29 U.S.C. § 203(d) and A.R.S. § 23-350.

26.     Defendant America's Best Tire Van Buren, LLC is an Arizona limited liability company, authorized to do business in Arizona, and was at all relevant times Plaintiffs' employer as defined by 29 U.S.C. § 203(d) and A.R.S. § 23-350.

ZOLDAN LAW GROUP, PLLC
8100 E. Indian School Rd. Suite 103 Scottsdale, Arizona 85251
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

27.     Defendant America's Best Wholesale Tire Tucson, LLC is an Arizona limited liability company, authorized to do business in Arizona, and was at all relevant times Plaintiffs' employer as defined by 29 U.S.C. § 203(d) and A.R.S. § 23-350.

28.     Defendant America's Best Tire Wholesale Tire LV, LLC is an Arizona limited liability company, authorized to do business in Arizona, and was at all relevant times Plaintiffs' employer as defined by 29 U.S.C. § 203(d) and A.R.S. § 23-350.

29.     Defendants Travis M. Dees and Jane Doe Dees are, upon information and belief, husband and wife. They have caused events to take place giving rise to this action as to which their marital community is fully liable. Travis M. Dees is the Owner of America's Best Tire. Jane Doe Dees is the Owner of America's Best Tire.

30.     Under the FLSA, Defendants Travis M. Dees and Jane Doe Dees are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Defendants Travis M. Dees and Jane Doe Dees are the owners of America's Best Tire. They were responsible for determining the method and rate of Plaintiffs' payment of wages. As persons who acted in the interest of America's Best Tire in relation to the company's employees, Travis M. Dees and Jane Doe Dees are subject to individual liability under the FLSA.

31.     Plaintiffs are further informed, believe, and thereon allege that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

32.     Defendants, and each of them, are sued in both their individual and corporate capacities.

ZOLDAN LAW GROUP, PLLC
8100 E. Indian School Rd. Suite 103 Scottsdale, Arizona 85251
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

33.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiffs.

34.     At all relevant times, Defendants have been engaged in interstate commerce and have been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

## **FACTUAL ALLEGATIONS**

35.     America's Best Tire is an Arizona business that sells or otherwise distributes new and used automobile tires to consumers.

36.     On or around July 2012, Plaintiff Bush began employment with America's Best Tire as a crew member, performing various repetitive tasks such as cashiering, installing tires on cars, washing and painting tires, stacking tires in the yard, organizing tires, cleaning the shop, doing yard work, and generally helping customers..

37.     Plaintiff Bush was not a manager. Plaintiff Bush did not have supervisory authority over any employees, did not possess the authority to hire or fire employees, did not possess the authority to make critical job decisions with respect to any America's Best Tire employee, did not direct the work of two or more employees, and did not exercise discretion and independent judgment with respect to matters of significance.

38.     Plaintiff Bush's primary duty was not the management of the enterprise in which he is employed or any recognized department of the enterprise.

39.     From July 2012 until December 2012 Plaintiff Bush was paid a rate of $8.00 per hour.

40.     From January 2013 until July 2013 Plaintiff Bush was paid at a rate of $8.25 per hour.

ZOLDAN LAW GROUP, PLLC
8100 E. Indian School Rd. Suite 103 Scottsdale, Arizona 85251
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

41.     From mid-July 2013 until December 2014 Plaintiff Bush was paid at a rate of $9.00 per hour.

42.     From January 2015 until June 5, 2015, Plaintiff was paid at a rate of $10.00 per hour.

43.      From the commencement of Plaintiff Bush's employment in July 2012, he was a non-exempt employee.

44.     From July 2012 until June 5, 2015, Defendants failed to properly compensate Plaintiff Bush for his overtime hours.

45.     Plaintiff Bush routinely worked with knowledge of Defendants, and often at Defendants' request, in excess of 40 hours per week during his tenure at America's Best Tire.

46.     Specifically, during his employment, Plaintiff Bush routinely worked in excess of 70 hours per week and was not paid the premium one and one-half times his regular rate as required under the FLSA for hours worked over 40 hours in a workweek.

47.     On or around June 2014, Plaintiff Trotter began employment with America's Best Tire as a crew member, performing various repetitive tasks such as cashiering, installing tires on cars, washing and painting tires, stacking tires in the yard, organizing tires, cleaning the shop, doing yard work, and generally helping customers..

48.     Plaintiff Trotter was not a manager. Plaintiff Trotter did not have supervisory authority over any employees, did not possess the authority to hire or fire employees, did not possess the authority to make critical job decisions with respect to any America's Best Tire employee, did not direct the work of two or more employees, and did not exercise discretion and independent judgment with respect to matters of

ZOLDAN LAW GROUP, PLLC
8100 E. Indian School Rd. Suite 103 Scottsdale, Arizona 85251
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

significance.

49.     Plaintiff Trotter's primary duty was not the management of the enterprise in which he is employed or any recognized department of the enterprise.

50.     From June 2014 until June 5, 2015, Plaintiff Trotter was paid a rate of $8.15 per hour.

51.     From the commencement of Plaintiff Trotter's employment in June 2014, he was a non-exempt employee.

52.     During his entire tenure with America's Best Tire, Defendants failed to properly compensate Plaintiff Trotter for his overtime hours.

53.     Plaintiff Trotter routinely worked with knowledge of Defendants, and often at Defendants' request, in excess of 40 hours per week during his tenure at America's Best Tire.

54.     Specifically, during his employment, Plaintiff Trotter routinely worked in excess of 70 hours per week and was not paid the premium one and one-half times his regular rate as required under the FLSA for hours worked over 40 hours in a workweek.

55.     Defendants knew that Plaintiff Trotter regularly worked more than 40 hours in a workweek.

56.     America's Best Tire wrongfully withheld wages from Plaintiffs by failing to pay all wages due for hours Plaintiffs' worked.

57.     Defendants' failure and/or refusal to compensate Plaintiffs at the rates and amounts required by the FLSA and Arizona state law were/was willful.

58.     Defendants' refused and/or failed to properly disclose to or apprise Plaintiffs' of their rights under the FLSA.

1
2

**COUNT I**
**FAILURE TO PAY PROPER OVERTIME WAGES – FLSA – 29 U.S.C. § 207**

3

59.     Plaintiffs incorporate by reference all of the above allegations as though

4

fully set forth herein.

5
6

60.     Plaintiffs were non-exempt employees entitled to the statutorily mandated

7

overtime wages.

8
9

61.     Defendants have intentionally failed and/or refused to pay Plaintiffs

overtime according to the provisions of the FLSA.

10
11

62.     As a direct result of Defendants' violations of the FLSA, Plaintiffs have

12

suffered damages by not receiving compensation in accordance with 29 U.S.C. § 207 of

13

the FLSA.

14

63.     Under 29 U.S.C. § 216 Defendants are liable to Plaintiffs for an amount

15
16

equal to one and one-half times their regular pay rate for each hour of overtime worked

17

per week.

18

64.     In addition to the amount of unpaid wages owed to Plaintiffs, they are

19
20

entitled to recover an additional equal amount as liquidated damages pursuant to 29

U.S.C. § 216(b).

21
22

65.     Defendants' actions in failing to compensate Plaintiffs, in violation of the

23

FLSA, were willful. Defendants knew Plaintiffs were working overtime but failed to pay

24

proper overtime wages. Defendants had no reason to believe its failure to pay overtime

25

was not a violation of the FLSA.

26

66.     Defendants have not made a good faith effort to comply with the FLSA.

27
28

67.     Plaintiffs are also entitled to an award of attorneys' fees pursuant to 29

U.S.C. § 216(b).

ZOLDAN LAW GROUP, PLLC
8100 E. Indian School Rd. Suite 103 Scottsdale, Arizona 85251
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

**COUNT II**
**FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE**

68.    Plaintiffs incorporate by reference all of the above allegations as though fully set forth herein.

69.    At all relevant times, Plaintiffs were employed by Defendants within the meaning of the Arizona Wage Statute.

70.    Defendants were aware of their obligation to pay timely wages pursuant to A.R.S. § 23-351.

71.    Defendants were aware that, under A.R.S. § 23-353, they were obligated to pay all wages due to Plaintiffs.

72.    Defendants failed to timely pay Plaintiffs their regular and overtime wages due without a good faith basis for withholding the wages.

73.    Defendants have willfully failed and refused to timely pay regular and overtime wages due to Plaintiffs. As a result of Defendants' unlawful acts, Plaintiffs are entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

**CONCLUSION AND PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray:

A.    For the Court to declare and find that the Defendants committed one or more of the following acts:

i.    violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages;

ii.    willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

iii.    willfully violated the Arizona Wage Statute a by failing to timely pay all wages due to Plaintiffs;

ZOLDAN LAW GROUP, PLLC
8100 E. Indian School Rd. Suite 103 Scottsdale, Arizona 85251
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

ZOLDAN LAW GROUP, PLLC
8100 E. Indian School Rd. Suite 103 Scottsdale, Arizona 85251
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

B.   For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and/or treble damages pursuant to A.R.S. § 23-355, to be determined at trial;

C.   For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D.   For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E.   For the Court to award Plaintiffs' reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and A.R.S. § 12-341.01 and all other causes of action set forth herein;

F.   Any other remedies or judgments deemed just and equitable by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED July 7, 2015.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Michael Zoldan
8100 E. Indian School Road
Suite 103
Scottsdale, AZ 85251
Attorneys for Evan Bush and Joseph Trotter

## VERIFICATION

Plaintiffs Evan Bush and Joseph Trotter declare under penalty of perjury that they have read the foregoing Verified Complaint and are familiar with the contents thereof. The matters asserted therein are true and based on their personal knowledge, except as to those matters stated upon information and belief, and as to those matters, they believe them to be true.

_____
Evan Bush

_____
Joseph Trotter

ZOLDAN LAW GROUP, PLLC
8100 E. Indian School Rd. Suite 103 Scottsdale, Arizona 85251
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com